IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL OLIVER**
*Suing as King Michael Oliver*,
**# B-89925,**

        **Plaintiff,**

vs.                                                                  Case No. 17-cv-00206-DRH

**KIMBERLY BUTLER,**
**MAJOR LYERLA, and**
**SERGEANT SCOTT,**

        **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Michael Oliver, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against three officials at Menard Correctional Center ("Menard"), who allegedly violated his constitutional rights there in 2015. (Doc. 2, 2-1). These officials include Warden Kimberly Butler, Major Lyerla, and Sergeant Scott ("Menard defendants"). *Id.* Plaintiff seeks monetary relief against them. (Doc. 2, pp. 1, 5-6).

He originally brought these claims in *Oliver v. Lashbrook, et al.*, No. 17-cv-00169-DRH (S.D. Ill. 2017) ("original case"). (Doc. 2). That case addressed claims against a group of Pinckneyville defendants, Menard defendants, and State defendants. (Doc. 1, p. 1; Doc. 2). On February 24, 2017, the Court entered an

1

initial order dismissing the State defendants with prejudice and severing the claims against the Menard defendants into a new case. (Doc. 1).

The instant case focuses only on Plaintiff's claims against the Menard defendants, which the Court identified as follows:

> **Count 10** – Eighth Amendment claim against Major Lyerla for making the decision to transfer Plaintiff to Menard on July 22, 2015, to transfer him from the "hill" to the "pit" at Menard, and/or to transfer him to Pinckneyville following the flood that occurred at Menard on December 28, 2015. (Doc. 2, pp. 2-3, "Count 2").
>
> **Count 11** – Claim against Warden Butler for conspiring with Major Lyerla at Menard to violate Plaintiff's constitutional rights and for responding to the transfer decisions with gross negligence. (Doc. 2, p. 2, "Count 2").
>
> **Count 12** – Claim against Sergeant Scott for harassing and threatening Plaintiff at Menard because of his visitor's list. (Doc. 2, p. 3, "Count 2").
>
> **Count 13** – Fourteenth Amendment due process and negligence claims against Major Lyerla and "others" for mishandling Plaintiff's grievances at Menard in order to prevent him from exhausting his administrative remedies. (Doc. 2, p. 3, "Count 3").

(Doc. 1, pp. 7, 13). This list of claims is consistent with the "counts" identified by Plaintiff in the Complaint. (Doc. 2, pp. 2-5). Because Plaintiff offers few factual allegations in support of these claims, the Court offers no summary of the allegations here. *Id.*

With that said, the above list of claims appears to be incomplete. Omitted from the list are additional claims Plaintiff included in the exhibits to the Complaint. (Doc. 2, pp. 7-23; Doc. 2-1, pp. 1-19). Plaintiff refers to these exhibits as "Amendments" and signals his intention to expand his claims against

2

the Menard defendants. *Id*. In "Amendment A," he refers to additional claims against officials at Menard. (Doc. 2, p. 7). The claims are not included in the Complaint. *Id*.

It is not even clear that Plaintiff filed all of the exhibits to the Complaint. This is largely because he used no recognizable system for organizing and labeling the exhibits. He included a series of exhibits in the following order: Exhibit 4 (Doc. 2, p. 14), Exhibit 6 (Doc. 2, p. 15), Exhibit X (Doc. 2, p. 16), Exhibit 10A (Doc. 2, p. 17), Exhibit W (Doc. 2, pp. 18-19), Exhibit 10B (Doc. 2, pp. 20-21), Exhibit Z (Doc. 2, pp. 22-23), Exhibit Z2 Squared (Doc. 2-1, p. 1), Exhibit T (Doc. 2-1, pp. 2-3), Exhibit T2 (Doc. 2-1, p. 4), Exhibit OR1 (Doc. 2-1, p. 5), Exhibit 17 (Doc. 2-1, p. 6), Exhibit 18 (Doc. 2-1, p. 7), Unnumbered Exhibits (Doc. 2-1, pp. 8-13), Exhibit IRA (Doc. 2-1, p. 14), Exhibit 29 (Doc. 2-1, pp. 15-19), etc. Given the obvious lack of organization of his exhibits, the Court has no way to tell whether the Complaint is complete.

Before conducting a preliminary review of Plaintiff's claims against the Menard defendants pursuant to 28 U.S.C. § 1915A, the Court will offer Plaintiff an opportunity to file an amended complaint in this case that focuses *only* on claims arising at Menard. The instructions and deadline for amending the complaint are set forth in the below disposition. Failure to file an amended complaint that is consistent with the below instructions and deadline shall result in the Court's preliminary review of Counts 10-13 based on the limited allegations

3

that are set forth in the original Complaint and severance of unrelated claims into new cases with an additional filing fee in each case.

## Disposition

**IT IS HEREBY ORDERED** that preliminary review of **COUNTS 10-13** pursuant to 28 U.S.C. § 1915A is suspended in *this* case until after **April 20, 2017.** On or before that date, Plaintiff is **ORDERED** to file a First Amended Complaint that includes all related claims against the Menard defendants. Failure to file a First Amended Complaint that complies with this Order (including the instructions and deadline set forth herein) will result in the screening, dismissal, and/or further severance of Counts 10-13 after the deadline expires. No service shall be ordered on the defendants in this case until the § 1915A review is completed.

Should Plaintiff decide to file an amended complaint in this case, it is strongly recommended that he use the forms designed for use in this District for such actions. He must label the amended complaint, "First Amended Complaint," and refer to *this* case number (*i.e.*, Case No. 17-00206-DRH). The amended complaint shall present each claim against the Menard defendants in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should

*include only related claims* in his amended complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. **The First Amended Complaint and exhibits must be labeled in order, using letters or numbers**, so that the Court can determine whether pages are missing**.** The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the original case was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.03.23
14:31:33 -05'00'

**United States District Judge**